# *EXHIBIT "A"*

Court of Common Pleas of Philadelphia County
Trial Division
# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
|---|
| **APRIL 2025**     **00268** |
| E-Filing Number: 2504005692 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| VERNELL JACOBS | NUMOTION |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 332 E. WALNUT LANE APARTMENT N<br>PHILADELPHIA PA 19144 | 152 KEYSTONE DRIVE<br>MONTGOMERYVILLE PA 18936 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | ATG CONNECTICUT, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 1111 CROMWELL AVENUE SUITE 601<br>ROCKY HILL CT 06067 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | UNITED SEATING AND MOBILITY, LLC, ALIAS: D/B/A<br>NUMOTION |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 975 HORNET DRIVE SUITE 250<br>HAZLEWOOD MO 63042 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| 1 | 5 | ☒ Complaint   ☐ Petition Action   ☐ Notice of Appeal<br>☐ Writ of Summons   ☐ Transfer From Other Jurisdictions | | |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☐ Jury<br>☒ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

**CASE TYPE AND CODE**

2O - PERSONAL INJURY - OTHER

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED**<br>**PRO PROTHY**<br>APR 02 2025<br>**B. BALILONIS** | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>   YES      NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>VERNELL JACOBS</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| ROBIN A. FEENEY | 1101 MARKET STREET<br>SUITE 2500<br>PHILADELPHIA PA 19107 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)922-6073 | (215)922-5787 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 66166 | rfeeney@msbglaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| ROBIN FEENEY | Wednesday, April 02, 2025, 03:27 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**

1. NUMOTION
   152 KEYSTONE DRIVE
   MONTGOMERYVILLE PA 18936
2. ATG CONNECTICUT, INC.
   1111 CROMWELL AVENUE SUITE 601
   ROCKY HILL CT 06067
3. UNITED SEATING AND MOBILITY, LLC
   ALIAS: D/B/A NUMOTION
   975 HORNET DRIVE SUITE 250
   HAZLEWOOD MO 63042
4. ABC CORP. [MAINTENANCE COMPANY]
   UNKNOWN
   UNKNOWN PA 00000
5. ABC CORP. [DISTRIBUTING COMPANY]
   UNKNOWN
   UNKNOWN PA 00000



Filed and Attested by the
Office of Judicial Records
02 APR 2025 02:13 pm
E. BALILONE

**MATKOFF, SHENGOLD, BERMAN,
GOODNOW & ASSOCIATES, P.C.**
By: *Robin A. Feeney, Esquire*
I.D. #: 66166
rfeeney@msbglaw.com
1101 Market Street - Suite 2500
Philadelphia, PA 19107
(215) 922 - 6073

**MAJOR NON-JURY**
Attorney for Plaintiff

| | |
|---|---|
| **VERNELL JACOBS**<br>332 E. Walnut Lane – Apartment N<br>Philadelphia, PA 19144 | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY** |
| **V.** | **APRIL TERM, 2025**<br>**NO.: 00268** |
| **NUMOTION**<br>152 Keystone Drive<br>Montgomeryville, PA 18936<br>**&**<br>**ATG CONNECTICUT, INC.**<br>1111 Cromwell Avenue – Suite 601<br>Rocky Hill, CT 06067<br>**&**<br>**UNITED SEATING AND MOBILITY, LLC**<br>**D/B/A NUMOTION**<br>975 Hornet Drive – Suite 250<br>Hazlewood, MO 63042<br>**&**<br>**ABC CORP. [MAINTENANCE COMPANY]**<br>Unknown Address<br>**&**<br>**ABC CORP. [DISTRIBUTING COMPANY]**<br>Unknown Address | |

## CIVIL ACTION COMPLAINT

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice or any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siquientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entragar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. | USTED LE DEBE TOMAR ESTE PAPEL A SU ABOGADO INMEDIATAMENTE, SI USTED NO TIENE A ABOGADO VA A O TELEFONEA LA OFICINA EXPUSO ABAJO, ESTA OFICINA ABOGADO, SI USTED NO PUEDE PROPORCIONAR PARA EMPLEAR UN ABOGADO, ESTATE |
| IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE. | OFICINA PUEDE SER CAPAZ DE PROPORCIONARLO CON INFORMACION ACERCA DE LAS AGENCIAS QUE PUEDEN OFRECER LOS SERVICIOS LEGALES A PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO NI NINGUG HONORARIO. |
| **Philadelphia Bar Association**<br>**Lawyer referral and Information Services**<br>**1101 Market Street**<br>**Philadelphia, PA 19107**<br>**(215) 238-6300** | **Asociation De Licenciados Filadelphia**<br>**Servico De Referencia E Informacion legal**<br>**1101 Market Street**<br>**Filadelphia, PA 19107**<br>**(215) 238-6300** |

1.  The Plaintiff, **VERNELL JACOBS,** is an adult individual, a citizen, and a resident of the Commonwealth of Pennsylvania, residing therein at 332 E. Walnut Lane – Apartment N, Philadelphia, PA 19144.

2.  The Defendant, **NUMOTION,** is a corporation, partnership, limited partnership, limited liability corporation, or other business entity, registered, authorized to and regularly doing business by virtue of the laws of the Commonwealth of Pennsylvania, located therein at 152 Keystone Drive, Montgomeryville, PA 18936.

3.  The Defendant, **ATG CONNECTICUT, INC.,** is a corporation, partnership, limited partnership, limited liability corporation, or other business entity, registered, authorized to and regularly doing business by virtue of the laws of the Commonwealth of Pennsylvania, located therein at 1111 Cromwell Avenue – Suite 601, Rocky Hill, CT 06067.

4.  The Defendant, **UNITED SEATING AND MOBILITY, LLC D/B/A NUMOTION [HEREINAFTER "UNITED SEATING AND MOBILITY, LLC"],** is a corporation, partnership, limited partnership, limited liability corporation, or other business entity, registered, authorized to and regularly doing business by virtue of the laws of the Commonwealth of Pennsylvania, located therein at 975 Hornet Drive – Suite 250, Hazlewood, MO 63042.

5.  The Defendant, **ABC CORP. [MAINTENANCE COMPANY],** is a fictitious name for an unknown maintenance company, whose name and business address are unknown.

6.  The Defendant, **ABC CORP. [DISTRIBUTING COMPANY],** is a fictitious name for an unknown maintenance company, whose name and business address are unknown.

7. On the date of the accident, the Defendant, **NUMOTION**, was a provider of medical products and services such as wheelchairs, home accessibility, accessible vehicles, assistive technology, etc.

8. On the date of the accident, the Defendant, **ATG CONNECTICUT, INC.**, was the owner, partner, general partner, and/or otherwise associated with the business of the Defendant, **NUMOTION.**

9. On the date of the accident, the Defendant, **UNITED SEATING AND MOBILITY, LLC**, was the owner, partner, general partner, and/or otherwise associated with the business of the Defendant, **NUMOTION.**

10. On the date of the accident, the Defendant, **ABC CORP. [MAINTENANCE COMPANY]**, was a maintenance company and/or otherwise associated with the business of the Defendants, **NUMOTION, ATG CONNECTICUT, INC., AND/OR UNITED SEATING AND MOBILITY, LLC.**

11. On the date of the accident, the Defendant, **ABC CORP. [DISTRIBUTING COMPANY]**, was a distributing company and/or otherwise associated with the business of the Defendants, **NUMOTION, ATG CONNECTICUT, INC., AND/OR UNITED SEATING AND MOBILITY, LLC.**

12. At all times material hereto, the Defendants, individually and/or jointly, were the providers and servicers of medical equipment and supplies, including wheelchairs.

13. At all times material hereto, the Defendants, individually and/or jointly, were the owners, lessors, providers, and/or servicers of a wheelchair provided to the Plaintiff, **VERNELL JACOBS.**

14. At all times material hereto, the Plaintiff, **VERNELL JACOBS,** required a wheelchair for mobility purposes.

15. At all times material hereto, the Defendants, individually and/or jointly, owned, leased, operated, possessed, managed, controlled, designed, regulated, maintained, provided, serviced, and/or were otherwise responsible for the inspection and maintenance of the wheelchair being utilized by the Plaintiff, **VERNELL JACOBS.**

16. At all times material hereto, the Defendants were acting directly or through their agents, servants, employees, contractors, and/or subcontractors, who, in turn, were acting within the scope and course of their employment, in the furtherance of the business(es) of the Defendants.

17. At all times material hereto, and especially on the date and time of the accident alleged herein, the Plaintiff, **VERNELL JACOBS,** was the lawful user of the wheelchair, believed to be an I Level Quantum Edge 3, which was provided and serviced by the Defendants, and as such was owed the highest degree of care by the Defendants.

18. At all times material hereto, and especially on the date and time of the accident alleged herein, and for some time before the accident which is the subject of this suit, there existed dangerous and defective conditions of the wheelchair, namely the back wheels were unstable and wobbled; the safety strap frayed and broke; an armrest fell off; the headpiece fell off; the back of the chair came off; and the tired required replacement.

19. At all times material hereto, it was the duty and obligation of the Defendants, their agents, servants, employees, contractors, and/or subcontractors to keep and maintain the wheelchair in a safe condition for its intended use.

Case ID: 250400268

20. The Plaintiff, **VERNELL JACOBS,** notified the Defendant, **NUMOTION,** of the wheelchair's need for repairs and servicing on multiple occasions.

21. Repeatedly, the Defendant, **NUMOTION,** failed to service, repair, or replace the wheelchair, despite knowing that the Plaintiff replied upon the wheelchair for everyday activities of daily living and mobility.

22. Repeatedly, the Defendant, **NUMOTION,** failed to service the wheelchair despite having been notified of the Plaintiff's need for repairs and servicing or replacement on multiple occasions.

23. On or about August 23, 2023, the Plaintiff, **VERNELL JACOBS,** was lawfully operating her wheelchair on the premises located at 332 E. Walnut Lane, Philadelphia, PA 19144.

24. As the plaintiff, **VERNELL JACOBS,** was traveling down the pathway, the defectively maintained wheels caused her motorized wheelchair to list to the right and travel off of the pathway and then overturn, discharging the Plaintiff, **VERNELL JACOBS,** into her left side and causing the Plaintiff to sustain serious and permanent injuries.

25. The Plaintiff, **VERNELL JACOBS,** sustained serious and permanent bodily injuries as a result of the fall which occurred as a result of the Defendants lack of service, maintenance, and repairs or replacement of the wheelchair.

26. The Defendants, individually and/or jointly, knew or should have known of the aforementioned dangerous conditions prior to the Plaintiff's fall, and Defendants were obligated to remedy, repair, and/or eliminate the dangerous conditions by repairing, servicing, and/or replacing the Plaintiff's wheelchair.

27. The fall the Plaintiff, **VERNELL JACOBS,** experienced was caused by the negligence of the Defendants, who individually and/or jointly owned, leased, possessed, operated,

managed, controlled, designed, regulated, maintained and/or were otherwise responsible for the inspection and maintenance of the Plaintiff, **VERNELL JACOBS'**, wheelchair.

28.  By reason of the negligence of the Defendants, the Plaintiff, **VERNELL JACOBS**, sustained serious and permanent injuries, including but not limited to: nondisplaced fracture of the lateral end of the left-side clavicle; left shoulder pain; left hip pain; back pain; left leg pain; left leg bruising; along with other injuries to her muscles, nerves and bones, all of which injuries are permanent and cause a serious and permanent impairment of bodily function and emotional and mental distress.

29.  As a further result of the Defendant's negligence, the Plaintiff, **VERNELL JACOBS**, has in the past and may in the future experience great mental, physical and emotional pain and suffering and other non-economic losses.

30.  As a further result of the Defendant's negligence, the Plaintiff, **VERNELL JACOBS**, has in the past and may in the future be prevented from attending to her usual activities, duties, and occupations to her great financial detriment and loss.

31.  As a further result of the Defendant's negligence, the Plaintiff, **VERNELL JACOBS**, has in the past and may in the future be caused to suffer from worry, anxiety, apprehension, and frustration.

32.  As a further result of the Defendant's negligence, the Plaintiff, **VERNELL JACOBS**, has in the past and may in the future suffer from humiliation, embarrassment, and degradation.

33.  As a further result of the Defendant's negligence, the Plaintiff, **VERNELL JACOBS**, has in the past and may in the future be caused to suffer loss of the pleasures and enjoyments of life.

34. As a further result of the Defendant's negligence, the Plaintiff, **VERNELL JACOBS**, has in the past and may in the future suffer loss of earnings and/or earning capacity to her great financial detriment and loss.

35. To date, as a result of the aforementioned accident, Plaintiff, **VERNELL JACOBS**, has incurred medical expenses.

36. As a further result of the Defendant's negligence, the Plaintiff, **VERNELL JACOBS**, has in the past incurred and may in the future continue to incur medical expenses in an endeavor to treat and cure herself of the injuries sustained in the aforesaid accident, for which a claim is hereby made.

## COUNT II

### VERNELL JACOBS V. NUMOTION

37. The averments of the preceding paragraphs one through thirty-six are incorporated herein by reference as though fully set forth at length.

38. The Plaintiff, **VERNELL JACOBS**, was caused to fall as a direct and proximate result of the negligence, inattentiveness, and/or carelessness of the Defendant, **NUMOTION**, and/or their agents, servants, workmen, contractors, sub-contractors, and/or employees, which consisted inter alia of the following:

a. Causing the dangerous condition;

b. Permitting the dangerous condition to exist without servicing, repairing, or replacing the wheelchair, despite notice of the dangerous condition;

c. Permitting the wheelchair to remain in a dangerous condition;

d. Permitting the wheelchair to remain in a dangerous condition after having actual or constructive notice thereof;

Case ID: 250400268

e.  Failure to timely warn of the risks to Plaintiff if she operated the wheelchair in its dangerous condition;

f.  Failure to timely service the wheelchair despite notice;

g.  Failure to properly and timely order parts;

h.  Having knowledge of the aforesaid dangerous condition of the wheelchair and permitting it to remain;

i.  Failure to properly, safely, and reasonably maintain the wheelchair upon request from the Plaintiff;

j.  Failure to provide a replacement wheelchair until timely service could take place;

k.  Failure to obtain the correct parts to service the wheelchair in a timely fashion;

l.  Failure to answer multiple service calls;

m.  Failure to address multiple service calls from the Plaintiff;

n.  Failure to regularly and timely inspect the wheelchair for dangerous conditions and provide service, maintenance, and repairs;

o.  Failure to inspect the wheelchair and its components to ensure safety conditions for intended use;

p.  Failure to correct the broken wheels and wheel assembly;

q.  Failure to identify and correct the broken wheels;

r.  Failure to notify the Plaintiff of delays in servicing, maintenance, and repair;

s.  Failure to make safe the dangerous conditions;

t.  Failure to inspect the wheelchair;

u.  Failure to implement a proper maintenance and servicing standard and protocols for patron safety;

      v.    Failure to properly supervise, train, and instruct its agents, servants, workmen and

            employees tasked with maintenance and servicing of wheelchairs;

**WHEREFORE,** the Plaintiff, **VERNELL JACOBS,** demands judgement against the

Defendant, **NUMOTION,** for an amount in excess of the Arbitration Limits.

## COUNT II

### VERNELL JACOBS V. ATG CONNECTICUT, INC.

39.    The averments of the preceding paragraphs one through thirty-eight are incorporated

       herein by reference as though fully set forth at length.

40.    The Plaintiff, **VERNELL JACOBS,** was caused to fall as a direct and proximate result

       of the negligence, inattentiveness, and/or carelessness of the Defendant, **ATG**

       **CONNECTICUT, INC.,** and/or their agents, servants, workmen, contractors, sub-

       contractors, and/or employees, which consisted inter alia of the following:

a.    Causing the dangerous condition;

b.    Permitting the dangerous condition to exist without servicing, repairing, or

       replacing the wheelchair, despite notice of the dangerous condition;

c.    Permitting the wheelchair to remain in a dangerous condition;

d.    Permitting the wheelchair to remain in a dangerous condition after having actual

       or constructive notice thereof;

e.    Failure to timely warn of the risks to Plaintiff if she operated the wheelchair in its

       dangerous condition;

f.    Failure to timely service the wheelchair despite notice;

g.    Failure to properly and timely order parts;

h.    Having knowledge of the aforesaid dangerous condition of the wheelchair and permitting it to remain;

i.    Failure to properly, safely, and reasonably maintain the wheelchair upon request from the Plaintiff;

j.    Failure to provide a replacement wheelchair until timely service could take place;

k.    Failure to obtain the correct parts to service the wheelchair in a timely fashion;

l.    Failure to answer multiple service calls;

m.    Failure to address multiple service calls from the Plaintiff;

n.    Failure to regularly and timely inspect the wheelchair for dangerous conditions and provide service, maintenance, and repairs;

o.    Failure to inspect the wheelchair and its components to ensure safety conditions for intended use;

p.    Failure to correct the broken wheels and wheel assembly;

q.    Failure to identify and correct the broken wheels;

r.    Failure to notify the Plaintiff of delays in servicing, maintenance, and repair;

s.    Failure to make safe the dangerous conditions;

t.    Failure to inspect the wheelchair;

u.    Failure to implement a proper maintenance and servicing standard and protocols for patron safety;

v.    Failure to properly supervise, train, and instruct its agents, servants, workmen and employees tasked with maintenance and servicing of wheelchairs;

**WHEREFORE,** the Plaintiff, **VERNELL JACOBS,** demands judgement against the Defendant, **ATG CONNECTICUT, INC.,** for an amount in excess of the Arbitration Limits.

## COUNT III

### VERNELL JACOBS V. UNITED SEATING AND MOBILITY, LLC

41.   The averments of the preceding paragraphs one through forty, are incorporated herein

by reference as though fully set forth at length.

42.   The Plaintiff, **VERNELL JACOBS,** was caused to fall as a direct and proximate result

of the negligence, inattentiveness, and/or carelessness of the Defendant, **UNITED**

**SEATING AND MOBILITY, LLC,** and/or their agents, servants, workmen,

contractors, sub-contractors, and/or employees, which consisted inter alia of the

following:

a.   Causing the dangerous condition;

b.   Permitting the dangerous condition to exist without servicing, repairing, or

replacing the wheelchair, despite notice of the dangerous condition;

c.   Permitting the wheelchair to remain in a dangerous condition;

d.   Permitting the wheelchair to remain in a dangerous condition after having actual

or constructive notice thereof;

e.   Failure to timely warn of the risks to Plaintiff if she operated the wheelchair in its

dangerous condition;

f.   Failure to timely service the wheelchair despite notice;

g.   Failure to properly and timely order parts;

h.   Having knowledge of the aforesaid dangerous condition of the wheelchair and

permitting it to remain;

i.   Failure to properly, safely, and reasonably maintain the wheelchair upon request

from the Plaintiff;

Case ID: 250400268

j.    Failure to provide a replacement wheelchair until timely service could take place;

k.    Failure to obtain the correct parts to service the wheelchair in a timely fashion;

l.    Failure to answer multiple service calls;

m.    Failure to address multiple service calls from the Plaintiff;

n.    Failure to regularly and timely inspect the wheelchair for dangerous conditions and provide service, maintenance, and repairs;

o.    Failure to inspect the wheelchair and its components to ensure safety conditions for intended use;

p.    Failure to correct the broken wheels and wheel assembly;

q.    Failure to identify and correct the broken wheels;

r.    Failure to notify the Plaintiff of delays in servicing, maintenance, and repair;

s.    Failure to make safe the dangerous conditions;

t.    Failure to inspect the wheelchair;

u.    Failure to implement a proper maintenance and servicing standard and protocols for patron safety;

v.    Failure to properly supervise, train, and instruct its agents, servants, workmen and employees tasked with maintenance and servicing of wheelchairs;

**WHEREFORE**, the Plaintiff, **VERNELL JACOBS**, demands judgement against the Defendant, **UNITED SEATING AND MOBILITY, LLC**, for an amount in excess of the Arbitration Limits.

## COUNT IV

## VERNELL JACOBS V. ABC CORP. [MAINTENANCE COMPANY]

Case ID: 250400268

43.     The averments of the preceding paragraphs one through forty-two are incorporated herein by reference as though fully set forth at length.

44.     The Plaintiff, **VERNELL JACOBS,** was caused to fall as a direct and proximate result of the negligence, inattentiveness, and/or carelessness of the Defendant, **ABC CORP. [MAINTENANCE COMPANY]**, and/or their agents, servants, workmen, contractors, sub-contractors, and/or employees, which consisted inter alia of the following:

a.     Causing the dangerous condition;

b.     Permitting the dangerous condition to exist without servicing, repairing, or replacing the wheelchair, despite notice of the dangerous condition;

c.     Permitting the wheelchair to remain in a dangerous condition;

d.     Permitting the wheelchair to remain in a dangerous condition after having actual or constructive notice thereof;

e.     Failure to timely warn of the risks to Plaintiff if she operated the wheelchair in its dangerous condition;

f.     Failure to timely service the wheelchair despite notice;

g.     Failure to properly and timely order parts;

h.     Having knowledge of the aforesaid dangerous condition of the wheelchair and permitting it to remain;

i.     Failure to properly, safely, and reasonably maintain the wheelchair upon request from the Plaintiff;

j.     Failure to provide a replacement wheelchair until timely service could take place;

k.     Failure to obtain the correct parts to service the wheelchair in a timely fashion;

l.     Failure to answer multiple service calls;

Case ID: 250400268

m.   Failure to address multiple service calls from the Plaintiff;

n.   Failure to regularly and timely inspect the wheelchair for dangerous conditions
     and provide service, maintenance, and repairs;

o.   Failure to inspect the wheelchair and its components to ensure safety conditions
     for intended use;

p.   Failure to correct the broken wheels and wheel assembly;

q.   Failure to identify and correct the broken wheels;

r.   Failure to notify the Plaintiff of delays in servicing, maintenance, and repair;

s.   Failure to make safe the dangerous conditions;

t.   Failure to inspect the wheelchair;

u.   Failure to implement a proper maintenance and servicing standard and protocols
     for patron safety;

v.   Failure to properly supervise, train, and instruct its agents, servants, workmen and
     employees tasked with maintenance and servicing of wheelchairs;

**WHEREFORE,** the Plaintiff, **VERNELL JACOBS,** demands judgement against the Defendant, **ABC CORP. [MAINTENANCE COMPANY],** for an amount in excess of the Arbitration Limits.

## COUNT V

## VERNELL JACOBS V. ABC CORP. [DISTRIBUTING COMPANY]

45.   The averments of the preceding paragraphs one through forty-four are incorporated
      herein by reference as though fully set forth at length.

46.   The Plaintiff, **VERNELL JACOBS,** was  caused to fall as a direct and proximate result
      of the negligence, inattentiveness, and/or carelessness of the Defendant, **ABC CORP.**

**[DISTRIBUTING COMPANY]**, and/or their agents, servants, workmen, contractors, sub-contractors, and/or employees, which consisted inter alia of the following:

a.    Causing the dangerous condition;

b.    Permitting the dangerous condition to exist without servicing, repairing, or replacing the wheelchair, despite notice of the dangerous condition;

c.    Permitting the wheelchair to remain in a dangerous condition;

d.    Permitting the wheelchair to remain in a dangerous condition after having actual or constructive notice thereof;

e.    Failure to timely warn of the risks to Plaintiff if she operated the wheelchair in its dangerous condition;

f.    Failure to timely service the wheelchair despite notice;

g.    Failure to properly and timely order parts;

h.    Having knowledge of the aforesaid dangerous condition of the wheelchair and permitting it to remain;

i.    Failure to properly, safely, and reasonably maintain the wheelchair upon request from the Plaintiff;

j.    Failure to provide a replacement wheelchair until timely service could take place;

k.    Failure to obtain the correct parts to service the wheelchair in a timely fashion;

l.    Failure to answer multiple service calls;

m.    Failure to address multiple service calls from the Plaintiff;

n.    Failure to regularly and timely inspect the wheelchair for dangerous conditions and provide service, maintenance, and repairs;

o.  Failure to inspect the wheelchair and its components to ensure safety conditions for intended use;

p.  Failure to correct the broken wheels and wheel assembly;

q.  Failure to identify and correct the broken wheels;

r.  Failure to notify the Plaintiff of delays in servicing, maintenance, and repair;

s.  Failure to make safe the dangerous conditions;

t.  Failure to inspect the wheelchair;

u.  Failure to implement a proper maintenance and servicing standard and protocols for patron safety;

v.  Failure to properly supervise, train, and instruct its agents, servants, workmen and employees tasked with maintenance and servicing of wheelchairs;

**WHEREFORE**, the Plaintiff, **VERNELL JACOBS**, demands judgement against the Defendant, **ABC CORP. [DISTRIBUTING COMPANY]**, for an amount in excess of the Arbitration Limits.

**MATKOFF, SHENGOLD, BERMAN, GOODNOW & ASSOCIATES, P.C.**

ROBIN A. FEENEY, ESQUIRE

Case ID: 250400268

## VERIFICATION

I hereby verify that the statements set forth in the foregoing pleading are true and correct to the best of their knowledge, information and belief.

The foregoing statements are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

Vernell D. Jacobs